**UNITED STATES of America,**
**Appellee,**

v.

**Herbert Richard SMITH, Appellant.**

**No. 23359.**

United States Court of Appeals,
Ninth Circuit.

May 6, 1971.

Lorraine A. Smith (argued), San Francisco, Cal., for appellant.

Kevin J. McInerney, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., San Diego, Cal., for appellee.

Before HAMLIN, KOELSCH and KILKENNEY, Circuit Judges.

KILKENNEY, Circuit Judge:

Appellant and his co-defendant, Frank Johnson, were charged in a three-count indictment with: (1) conspiring to smuggle marihuana; (2) smuggling marihuana; and (3) concealing and facilitating the transportation of marihuana, all in violation of 21 U.S.C. § 176a. Appellant was named in counts two and three only as an aider and abettor. After a motion for severance had been granted and trial held, appellant was found guilty and given concurrent sentences of ten years on each count.

The incidents leading up to the indictment in this case commenced on the evening of February 13, 1967, when customs inspectors at San Ysidro, California, found 108 kilos of marihuana concealed in co-defendant Johnson's automobile as Johnson was attempting to reenter the United States from Tijuana, Mexico. Following his arrest, Johnson was taken by customs agents to his apartment in Los Angeles. The apartment was located in a building owned by appellant. Johnson and Customs Agent Epps entered the apartment in the morning hours of February 14th, and Epps positioned himself out of sight in a back bedroom. About 9:30 A.M., appellant entered the apartment and asked Johnson if he got the "stuff." When Johnson said, "Yes," appellant left the apartment saying, "I'm going to make arrangements." Epps overheard this conversation and took notes on it. Appellant returned about 1:00 P.M. and suggested that he and Johnson go down to the former's apartment in the same building. When they arrived, according to Johnson's testimony at the trial, appellant seemed quite apprehensive, kept looking out the window and several times asked if Johnson had been "stopped or followed or anything." Johnson asked appellant about the "rest of the money." Appellant responded by asking, "How many kilos or 'k's' did you get?" When Johnson replied that he did not know, appellant suggested they go outside and take a look. At the car,

appellant opened the trunk and when he saw there were only two kilos—the agents having unloaded the balance—said, "What? Only two k's?" At that point, the customs agents converged on the scene and placed appellant under arrest.

At the trial, Johnson was called as a witness for the prosecution. A note found on his person at the time of the arrest was admitted into evidence over objection. The note contained the words, "Bull Ring." Johnson testified that appellant had written these words after telling him that the contact in Tijuana would be at the Bull Ring. Johnson also fully corroborated the testimony of the government witnesses on what occurred in his apartment and at the time of the appellant's arrest. Moreover, Johnson denied appellant's story that his job was to procure color TV sets for appellant, testifying that he made the trip to Tijuana at the request of the appellant in order to bring up some marihuana. Johnson rejected appellant's original proposition of $200.00 to transport the marihuana, but accepted a subsequent offer of $400.00, whereupon he was instructed by appellant on the method by which he was to pick up the drug. Having been paid $200.00 in advance, Johnson then made the trip to Tijuana, met the contact at the Bull Ring, procured the marihuana as planned and was arrested upon his return to the United States.

At the outset, appellant claims that the court erred in failing to give a definitive instruction on the element of knowledge. We note that no exception was taken by appellant's trial counsel to the exhaustive instructions given by the district judge. We, therefore, invoke Rule 30, F.R.Crim.P., which precludes a party from assigning error on any portion of the charge to the jury unless he objected thereto before the jury retired. In any event, we believe that the jury was fully and adequately instructed on the subject.

Next, appellant charges that the admissions made by him in Johnson's apartment, in the listening presence of Customs Agent Epps, after Johnson was in custody, were not corroborated and consequently not admissible. We need only point to the fact that Johnson's statements were fully corroborated by the testimony of Agent Epps. Additionally, the "Bull Ring" note written by the appellant was received in evidence, together with appellant's observed actions at the trunk of Johnson's automobile. Added to that is the fact that defense counsel made no objection to the statements. No doubt this failure to object was in line with the defense theory that the entire conversation in the apartment related to color TV sets, rather than marihuana. We fail to find error in this assignment.

Closely related to the previous contention is appellant's claim that Epps was surreptitiously eavesdropping and that his testimony as to what occurred in Johnson's apartment should not have been admitted. In the main, appellant relies on Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) and United States v. White, 405 F.2d 838 (7th Cir. 1969), cert. granted 394 U.S. 957, 89 S.Ct. 1305, 22 L.Ed.2d 559. Neither of these cases supports his position. In *Katz* there was no consent by either of the participants to the bugged telephone conversation; here, Johnson worked out an arrangement with Epps whereby the latter could listen in on Johnson's dialogue with appellant. Aside from that, the *Katz* decision, handed down after the events in the case at bar occurred, is not retroactive. Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969). As for *White*, the United States Supreme Court recently reversed the Seventh Circuit decision upon which appellant relies, and held that the type of "permitted" eavesdropping as is here under scrutiny was not constitutionally, or otherwise, objectionable. United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971).

Finally, appellant's attack on the sufficiency of the evidence against him does not merit extended discussion. Suffice to say, the evidence was far more than sufficient for the jury to find guilt beyond a reasonable doubt on each of the three counts.

Finding no error, we affirm the conviction.